[Cite as *State v. Maire*, 2019-Ohio-3815.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                       Court of Appeals No. S-19-009

        Appellee                                Trial Court No. 18 CR 714

v.

James Y. Maire                                     **DECISION AND JUDGMENT**

        Appellant                               Decided:  September 20, 2019

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowski for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, James Maire, appeals the judgment of the Sandusky County
Court of Common Pleas, convicting him of one count of domestic violence, and
sentencing him to a 36-month prison term, which was ordered to be served consecutively
to an 18-month prison term arising out of a separate case.  For the reasons that follow, we
affirm.

## I. Facts and Procedural Background

{¶ 2} This matter stems from two incidents between appellant and the victim, his live-in girlfriend. The first occurred on December 31, 2017. On that day, appellant and the victim were having an argument about the victim going into rehab. As a result of the argument, the police were called, and arrived on the scene to find blood throughout the apartment, and multiple cuts and bruising on the victim's face. Appellant was charged in case No. 18-CR-1011 with one count of domestic violence in violation of R.C. 2919.25(A), which was a felony of the fourth degree because appellant had a prior conviction for domestic violence. Appellant was also charged with one count of violating a protection order in violation of R.C. 2919.27(A)(1), a felony of the third degree.

{¶ 3} The second incident occurred on July 5, 2018. Two juvenile witnesses observed appellant dragging the victim by her hair and punching her in the back as he took her up to their apartment. The juveniles called 911, and when the police responded, they found the victim with bruising on her arms and face. As a result of this incident, appellant was charged in case No. 18-CR-714 with one count of domestic violence in violation of R.C. 2919.25(A), which was a felony of the third degree because appellant now had two prior convictions for domestic violence.[1] In addition, the state charged appellant with one count of abduction in violation of R.C. 2905.02(A)(1), a felony of the third degree.

---

[1] The second conviction is unrelated to the events that occurred on December 31, 2017, in case No. 18-CR-1011.

2.

{¶ 4} Both cases proceeded to a combined jury trial on January 29, 2019. Following the presentation of evidence, the trial court granted appellant's Crim.R. 29 motion for acquittal as to the count of violating a protection order in case No. 18-CR-1011. The jury then deliberated over the remaining charges, and returned with a verdict of guilty as to the two counts of domestic violence, and a verdict of not guilty as to the count of abduction.

{¶ 5} Following the jury's verdict, the trial court proceeded immediately to sentencing. During the sentencing hearing, the state noted that the initial plea offer was for appellant to serve two years in prison. However, the state then recommended that the maximum prison sentence be imposed given appellant's numerous court contacts, his long history of domestic violence with the victim, and appellant's prior service of a prison sentence in 1993 for breaking and entering and carrying a concealed weapon. Appellant, in mitigation, stated that he is not a danger to the general public, that all of his issues stem from his relationship with the victim and their drug abuse, and that his last felony conviction was back in the 1990s. Appellant thus argued for the court to impose less than maximum sentences, and to order the sentences to be served concurrently.

{¶ 6} Upon hearing the parties' statements, the trial court recognized that appellant entered the day looking at potential prison time of ten and one-half years, and stated that now he was going to receive four and one-half years. In imposing the sentence, the trial court found it very concerning that appellant has been convicted of domestic violence four times with the same victim. Further, the court referenced the pictures and the testimony, and commented that most people learned at a young age to never hit a woman.

3.

Thus, the trial court ordered appellant to serve 36 months in prison on the count of domestic violence in case No. 18-CR-714, and 18 months in prison on the count of domestic violence in case No. 18-CR-1011. The trial court further ordered the sentences to be served consecutively, for a total prison term of four and one-half years.

## II. Assignments of Error

{¶ 7} Appellant has timely appealed only the judgment in case No. 18-CR-714, and now presents two assignments of error for our review:

> 1. The trial court's sentence of [appellant] is excessive.

> 2. The trial court's sentence of appellant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution insofar as the trial court based its sentence in part upon appellant having elected to exercise appellant's constitutional right to a trial by jury—which constitutes an illegal trial tax.

## III. Analysis

{¶ 8} We review felony sentences under the approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * * if it clearly and convincingly finds: * * * (b) That the sentence is otherwise contrary to law."

{¶ 9} In *Tammerine*, we acknowledged that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a

4.

sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish*, held that where the trial court considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 10} In his first assignment of error, appellant argues that his sentence does not serve the overriding purposes of felony sentencing set forth in R.C. 2929.11(A) to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. In particular, appellant argues that his recent criminal history involves crimes of violence only against Deanna Rickard, and thus he is not a threat to the public in general. Therefore, appellant concludes that his sentence of three years in prison is excessive.

{¶ 11} We find appellant's argument unpersuasive. As recognized by the trial court, appellant has now been convicted of domestic violence four times with the same victim, and the incidents at issue in the present case resulted in cuts, bleeding, and significant bruising to the victim. Based on this record, the trial court implicitly concluded that the prison sentences were necessary to achieve the overriding purposes of felony sentencing, which include both the need to protect the public, and also the need to punish the offender. Under R.C. 2929.12, the trial court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." Moreover, we have held that "[a] trial court's

5.

discretion to impose a sentence within the statutory guidelines is very broad." *State v. Harmon*, 6th Dist. Lucas No. L-05-1078, 2006-Ohio-4642, ¶ 16. Therefore, we hold that appellant has not demonstrated that the trial court's imposition of the prison sentence was clearly and convincingly contrary to law.

{¶ 12} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 13} In his second assignment of error, appellant argues that the trial court impermissibly imposed a "trial tax" when it sentenced him to a prison term greater than the two years that was offered during plea negotiations. More specifically, appellant argues that the trial court acted vindictively in sentencing him because appellant exercised his constitutional right to trial.

{¶ 14} In *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 3, the Ohio Supreme Court held,

> [T]here is no presumption of vindictiveness when a defendant rejects a plea bargain and is subsequently sentenced to a harsher term. The burden is on the defendant to show the judge acted vindictively. And an appellate court may reverse a sentence for vindictiveness only if, upon its examination of the entire record, it clearly and convincingly finds that the sentence was based on actual vindictiveness.

{¶ 15} Here, the record does not support a conclusion that the trial court acted vindictively. In fashioning its sentence, the trial court never mentioned the fact that appellant took the case to trial, or commented that he should have taken the plea offer. In fact, the trial court made no mention whatsoever of the plea offer. Instead, the court

6.

focused on appellant's behavior and history of committing domestic violence as the reasons for its sentence. Therefore, we hold that appellant has not clearly and convincingly demonstrated that the trial court acted with actual vindictiveness when it sentenced him to three years in prison.

{¶ 16} Accordingly, appellant's second assignment of error is not well-taken.

## IV. Conclusion

{¶ 17} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                     _____
                                                    JUDGE

Arlene Singer, J.                    

                                                   _____
Thomas J. Osowik, J.                  JUDGE
CONCUR.

                                                   _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.