[Cite as *State v. Symington*, 2026-Ohio-1431.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

     Appellee

v.

Andrew L. Symington

     Appellant

Court of Appeals No. WD-25-047

Trial Court No. 2023CR0505

**DECISION AND JUDGMENT**

Decided: April 21, 2026

* * * * *

Paul A. Dobson, Wood County Prosecutor and
Kristofer A. Kristofferson, Assistant Prosecutor, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Defendant-appellant, Andrew Symington, appeals a decision of the Wood

County Court of Common Pleas sentencing him to an 11-month prison sentence for theft

following his guilty plea.  Because the record supports his sentence and it is not contrary to law, it is affirmed.

## I. Facts and Procedural History

{¶ 2} The Wood County Grand Jury indicted Symington on one count of fifth-degree felony theft in relation to a contract for handyman services where he was paid by two personal checks totaling $6,500.  He cashed the checks but never performed the work.

{¶ 3} On April 21, 2025, Symington pleaded guilty to the count in the indictment.  At the sentencing hearing, both the State and defense counsel requested that the trial court consider a community control sanction.

{¶ 4} Imposing sentence, the court stated: "[A]s a felony in the fifth degree there is a presumption against prison.  However, that presumption can be overcome in this instance as you committed the offense for hire and you previously served a prison term."

{¶ 5} The court addressed the seriousness and recidivism factors, finding the crime more serious based on the economic harm caused, that it was an offense for hire, and that Symington's relationship with the victim facilitated the offense.  It found recidivism likely due to Symington's history of criminal convictions beginning at age 10, his prior imprisonment for a felony conviction, and multiple instances of his failure to appear during the proceedings.  The court then concluded that "a prison term is consistent with the overriding purposes and principles and that [Symington was] not amenable to any available community control sanctions."

2.

{¶ 6} The court's sentencing judgment entry mirrored its sentencing hearing findings with the exception that the court added that under R.C. 2929.13(B)(1), Symington "committed the offense as part of an organized criminal activity and the defendant had previously served a prison sentence."

{¶ 7} This appeal followed.

## II. Assignment of Error

{¶ 8} Symington presents the following assignment of error on appeal:

> The trial court erred in sentencing appellant to prison based on its finding that the preference for community control was overcome by the appellant's alleged engagement in organized crime, participation in an offense for hire, and other factors.

## III. Analysis

{¶ 9} This court reviews felony sentences pursuant to R.C. 2953.08(G)(2), which provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or(C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 10} Additionally, R.C. 2929.13(B) discusses when a trial court can sentence a defendant to prison for a fifth-degree felony and provides, in part:

> (B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control

3.

sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(v) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(vii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(viii) The offender committed the offense for hire or as part of an organized criminal activity.

(ix) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(x) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶ 11} "'A trial court's discretion to impose a sentence within the statutory guidelines is very broad.'" *State v. Maire*, 2019-Ohio-3815, ¶ 11 (6th Dist.), quoting *State v. Harmon*, 2006-Ohio-4642, ¶ 16 (6th Dist.). Relevant here, R.C. 2929.13(B) gives trial courts discretion to impose a prison sentence if any of the criteria in R.C. 2929.13(B)(1)(b) applies. *State v. Miller*, 2018-Ohio-3713, ¶ 36 (3d Dist.), quoting *State v. Winstead*, 2015-Ohio-5391, ¶ 14 (2d Dist.).

{¶ 12} Assuming, without deciding, that the court erred by finding that under R.C. 2929.13(B)(1)(b)(viii), Symington committed the crime either "for hire" or as "part of an organized criminal activity," Symington does not contend that the court's additional findings under R.C. 2929.13(B), most notably his previous felony conviction and prison sentence, were erroneous. In fact, the record supports these additional findings. Thus, the trial court listed sufficient findings in compliance with R.C. 2929.13(B) warranting its consideration of a prison sentence, and any error is harmless. *See* Crim. R. 52(A); *State v. Magallanes*, 2014-Ohio-4878, ¶ 24-25 (3d Dist.). Further, any additional factors relied upon by the court during its consideration of R.C. 2929.11 and 2929.12 is beyond this court's review. *See State v. Jones*, 2020-Ohio-6729. Accordingly, Symington's sentence is supported by the record and is not contrary to law and his assignment of error is not well-taken.

### IV. Conclusion

{¶ 13} Upon due consideration, the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Symington is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

See also 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.
_____
                                        JUDGE

Gene A. Zmuda, J.
_____
                                        JUDGE

Charles E. Sulek, J.
CONCUR.                                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.