[Cite as *State v. Dixon*, 2022-Ohio-4681.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SHARDAY L. BING DIXON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0057**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 20 CR 191

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains,* Mahoning County Prosecutor, *Atty. Edward A. Czopur,* Assistant Mahoning County Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503 for Plaintiff-Appellee and

*Atty. Martin Yavorcik,* 940 Windham Court, #7, Boardman, Ohio 44512 for Defendant-Appellant.

Dated:  December 22, 2022

**Robb, J.**

**{¶1}** Appellant, Sharday L. Bing Dixon, appeals her sentence after pleading guilty to two first-degree felonies, permitting child abuse and involuntary manslaughter. She claims the record does not support the court's consecutive sentence findings. We affirm.

## Statement of the Case

**{¶2}** In March of 2020, Appellant was indicted and charged with three offenses; permitting child abuse, murder, and endangering children. She originally plead not guilty, and following the exchange of discovery, Appellant agreed to a plea deal.

**{¶3}** The plea hearing was held February 15, 2022. During the hearing, the prosecutor outlined the agreement and explained the state was moving to amend count two from murder to involuntary manslaughter and moving to dismiss count three, the endangering children charge. In exchange, Appellant was pleading guilty to count one, permitting child abuse and also to the amended count two, involuntary manslaughter. The prosecutor also stated, "And at the time of sentencing the state would be recommending 22 years in the state penitentiary, with the defendant to argue for 15 years. And in entering this agreement, the defendant is stipulating that these offenses are not allied offenses. And therefore, they do not merge for sentencing purposes." Defense counsel responded and agreed with the state's recitation of the plea agreement and advised the court Appellant stipulated the offenses she was pleading guilty to were different acts in order to allow the court to sentence her to up to 22 years. (February 15, 2022 Tr. 2-5, 10-11.)

**{¶4}** The February 16, 2022 written plea agreement likewise confirms Appellant agreed to plead guilty to two first-degree felonies. She pled to count one, permitting child abuse in violation of R.C. 2903.15(A), and amended count two, involuntary manslaughter in violation or R.C. 2903.04(A). In exchange for her guilty plea, the state agreed to move to dismiss the third charge, endangering children a second-degree felony, and to reduce the second count from murder to involuntary manslaughter.

**{¶5}** The plea agreement also states Appellant was facing a maximum 11-year term and $20,000 fine for permitting child abuse, with prison presumed necessary, and a

Case No. 22 MA 0057

second maximum term of 11 years and $20,000 fine for the involuntary manslaughter charge. The plea agreement provides the state was dismissing count three. It also states the parties agreed to a recommended sentencing range of 15 to 22 years: "State to recommend 22 years in the state penitentiary with Defendant to argue for 15 years. Defendant stipulates that these are not allied offenses, and they should not merge for sentencing purposes." (February 16, 2022 Plea of Guilty.)

**{¶6}** Sentencing was held in May of 2022, and toward the beginning of the sentencing hearing, defense counsel stated in part, "at the plea hearing and leading up to sentencing it was acknowledged that, * * * we would stipulate that the charges run consecutively." (May 12, 2022 Sentencing Tr. 6-7.)

**{¶7}** When announcing Appellant's sentence, the court stated in part, "I understand the state's recommendation of 22 years. It is the maximum. I did indicate to the parties during the plea negotiations and resolution that I would stay between 15 and 22 years. I attempted not to but I would hold on to my word and do that." (May 12, 2022 Sentencing Tr. 7, 17.)

**{¶8}** The trial court then imposed a 20-year prison term consisting of a term of ten years on count one, permitting child abuse, to run consecutive to another ten-year term for amended count two, the involuntary manslaughter conviction. This 20-year prison term was within the parties' agreed-upon sentencing range.

**{¶9}** Appellant appealed and raises one assignment of error.

### Assignment of Error: Consecutive Sentence Findings

**{¶10}** Appellant's sole assignment of error asserts:

"The trial court erred in imposing consecutive sentences."

**{¶11}** Appellant argues the record does not support the court's findings under R.C. 2929.14(C)(4), and specifically contends the record does not show and did not allow a finding that she was likely to commit future crimes upon weighing the R.C. 2929.12(D) factors against the R.C. 2929.12(E) factors.

**{¶12}** R.C. 2953.08 governs appeals arising from Ohio's felony sentencing guidelines, and subsection (D)(1) of that section governs appeals from plea agreements involving jointly recommended sentences. It states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law,

has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1).

**{¶13}** The state contends this section precludes our review of Appellant's argument on appeal. In order for R.C. 2953.08(D)(1) to apply, we must determine: 1) the sentence is authorized by law; 2) the sentence was jointly recommended by the defendant and prosecution; and 3) the sentence was imposed by a sentencing judge.

**{¶14}** As for the first prong, a sentence is authorized by law when "the sentence does not exceed the maximum sentence that the statute permits a trial court to impose." (Citations omitted.) *State v. Dorsey*, 7th Dist. Mahoning No. 03-MA-151, 2004-Ohio-4822, ¶ 9; *State v. Rhodes*, 7th Dist. Columbiana No. 2000 CO 60, 2002-Ohio-3056, ¶ 13.

**{¶15}** As stated, Appellant plead guilty to two first-degree felonies. R.C. 2929.14(A)(1)(b) provides, "[f]or a felony of the first degree committed prior to the effective date of this amendment, the prison term shall be a definite prison term of three, four, five, six, seven, eight, nine, ten, or eleven years." Thus, because Appellant plead guilty to two first-degree felonies, she was subject to a maximum term of 11 years for each offense and a total of 22 years in prison. *Id.* Because the court imposed a sentence of ten years for each offense, the sentence imposed was authorized by law since each was in the statutory range.

**{¶16}** Moreover, the Ohio Supreme Court has held "[i]f a jointly recommended sentence includes nonmandatory consecutive sentences and the trial judge fails to make the consecutive-sentence findings set out in R.C. 2929.14(E)(4), the sentence is nevertheless 'authorized by law,' and therefore is not appealable pursuant to R.C. 2953.08(D)(1)." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 30.

**{¶17}** As for the second and third prongs, both were satisfied here. As stated, the sentence imposed, including the consecutive nature of the sentence, was jointly recommended to the court. This fact is encompassed in the written plea agreement as well as during the February 15, 2022 plea hearing and May 12, 2022 sentencing during which defense counsel stated "we would stipulate that the charges run consecutively." (May 12, 2022 Sentencing Tr. 6-7.)

**{¶18}** Consistent with the parties' agreement, the state argued Appellant should be sentenced to 22 years in prison, whereas Appellant urged the court to impose a prison term of 15 years. The court imposed a 20-year term, which was within the agreed-upon range.

**{¶19}** "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25-26.

**{¶20}** "When the trial court imposes nonmandatory consecutive sentences within a jointly recommended sentencing range that is authorized by law, the sentences are 'not subject to appellate review under R.C. 2953.08(D)(1), regardless of whether there is any specific agreement to nonmandatory consecutive sentences.'" *State v. Williams*, 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467, ¶ 41, *appeal not allowed,* 160 Ohio St.3d 1509, 2020-Ohio-6835, 159 N.E.3d 1163, quoting *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 24 (8th Dist.).

**{¶21}** Because Appellant's sentence was authorized by law, recommended jointly by her and the prosecution, and imposed by the sentencing judge, her sentence is not subject to review. *Porterfield, supra.* Based on the foregoing, Appellant's sole assigned error lacks merit.

### Conclusion

**{¶22}** As alleged by the state, R.C. 2953.08(D)(1) applies, and as such, we are precluded from reviewing Appellant's sentence and arguments on appeal. Appellant's sole assignment of error lacks merit, and the trial court's decision is affirmed.

Donofrio, P. J., concurs.

Waite, J., concurs.

[Cite as *State v. Dixon*, 2022-Ohio-4681.]

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**