[Cite as *State v. Billman*, 2025-Ohio-211.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHNATHAN G. BILLMAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 BE 0040**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 24 CR 78

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Christopher P. Lacich*, Roth, Blair, for Defendant-Appellant.

Dated: January 24, 2025

**HANNI, J.**

{¶1} Defendant-Appellant, Johnathan G. Billman, appeals from a Belmont County Common Pleas Court judgment convicting him of aggravated possession of drugs and sentencing him to five years (minimum) to seven-and-a-half years (maximum), following his guilty plea. Appellant now takes issue with his sentence. But the trial court imposed the sentence jointly recommended by Appellant and Plaintiff-Appellee, the State of Ohio. Thus, it is outside the scope of our review. Appellant also suggests possible other issues on appeal. But because Appellant entered a guilty plea, the only other issue he can now raise is with the validity of his plea. And Appellant entered his plea knowingly, voluntarily, and intelligently. Therefore, the trial court's judgment is affirmed.

{¶2} On April 4, 2024, a Belmont County Grand Jury indicted Appellant on five counts: (Count 1) trafficking in a fentanyl-related compound, a first-degree felony in violation of R.C. 2925.03(A)(2), (C)(9) (E); (Count 2) possession of a fentanyl-related compound, a second-degree felony in violation of R.C. 2925.11(A), (C)(11), (D); (Count 3) aggravated trafficking in drugs, a first-degree felony in violation of R.C. 2925.03(A)(2), (C)(1), (D); (Count 4) aggravated possession of drugs, a second-degree felony in violation of R.C. 2925.11(A), (C)(1)(c); and (Count 5) possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(A), (C)(2)(a). The first four counts each carried a forfeiture of money specification. Appellant initially entered a not guilty plea.

{¶3} After plea negotiations with the State, Appellant later agreed to plead guilty to Count 4 - aggravated possession of drugs, a second-degree felony. In exchange, the State agreed to dismiss the other four charges. Additionally, the parties agreed to recommend a prison sentence of five years and that all money seized would be forfeited.

{¶4} The trial court held a change of plea hearing, accepted Appellant's guilty plea, and moved on to sentencing. The trial court imposed the agreed upon sentence of five years, with a maximum sentence of seven-and-a-half years.

{¶5} Appellant filed a timely notice of appeal on August 26, 2024. He now raises a single assignment of error for our review:

THE TRIAL COURT ERRED AND IMPOSED A SENTENCE CLEARLY AND CONVINCINGLY CONTRARY TO LAW, WHEN IT SENTENCED THE APPELLANT TO A PRISON SANCTION OF FIVE YEARS (MANDATORY MINIMUM SENTENCE) AND AN INDETERMINATE MANDATORY MAXIMUM SENTENCE OF SEVEN-AND-ONE HALF YEARS ON COUNT IV[.]

{¶6}    Appellant argues that the trial court erred in sentencing him to a minimum sentence of five years and a maximum of seven-and-a-half years.  After a lengthy discussion on felony sentencing law and the Reagan Tokes Law, appellate counsel appears to concede there is no error in regard to Appellant's sentence.

{¶7}    The Reagan Tokes Law, effective March 22, 2019, provides that first-degree and second-degree felonies not carrying a life sentence are subject to an indefinite sentencing scheme.  Now, when imposing prison terms for offenders with first-degree or second-degree felony offenses, sentencing courts are to impose an indefinite sentence, meaning a stated minimum sentence as provided in R.C. 2929.14(A)(2)(a) and an accompanying maximum sentence as provided in R.C. 2929.144.

{¶8}    Once an offender serves the required minimum term of incarceration, the Reagan Tokes Law provides that the offender is presumed to be released.  R.C. 2967.271(B).  But the DRC may rebut the presumption of release and maintain the offender in custody for a reasonable period of time, not to exceed the maximum term of incarceration imposed by the sentencing court.  R.C. 2967.271(D).  The DRC may overcome the presumption of release only if it conducts a hearing and finds that one or more statutory situations apply.

{¶9}    Pursuant to the Reagan Tokes Law, the trial court sentenced Appellant to the agreed upon mandatory minimum of five years and maximum of seven-and-a-half years.

{¶10}   R.C. 2953.08(D)(1) governs appeals from plea agreements involving jointly recommended sentences.  It provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."  R.C. 2953.08(D)(1).

Case No. 24 BE 0040

**{¶11}** Thus, pursuant to the statute, we may not review on appeal a sentence that is: (1) authorized by law; (2) was jointly recommended by the defendant and prosecution; and (3) was imposed by a sentencing judge. *State v. Dixon,* 2022-Ohio-4681, ¶ 12 (7th Dist.), citing R.C. 2953.08(D)(1). Appellant's sentence meets these three requirements.

**{¶12}** Appellant entered a guilty plea to a second-degree felony that he committed after March 22, 2019. For a second-degree felony committed on or after March 22, 2019, "the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to" R.C. 2929.14. R.C. 2929.14(A)(2). Appellant's sentence of a minimum of five years and a maximum of seven-and-a-half years is within the statutory range. Additionally, the record reflects that the sentence was jointly recommended and imposed by the trial court. (7/22/24 Tr. 13-15).

**{¶13}** Because Appellant's sentence meets the criteria set out in R.C. 2953.08(D)(1), it is not subject to our review.

**{¶14}** Appellant's counsel also points out that Appellant filed his notice of appeal pro se. On this filing, Appellant listed issues to be raised in his appeal that included his counsel was ineffective at the plea hearing and the State violated his rights regarding the grand jury, the Fifth Amendment, and dereliction of duty of a police officer.

**{¶15}** These issues are not raised in Appellant's assignment of error and, therefore, we need not consider them. *State v. Fry*, 2024-Ohio-2351, ¶ 14 (9th Dist.).

**{¶16}** Importantly, a guilty plea waives any right to appeal any trial court error, except for errors in the plea itself. *State v. Truax*, 2007-Ohio-4993, ¶ 8 (7th Dist.), citing *State v. Kelley*, 57 Ohio St.3d 127 (1991), paragraph two of the syllabus. Because Appellant pleaded guilty, if we were to consider any other issue, we are limited here to reviewing the plea.

**{¶17}** When determining the validity of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 2005-Ohio-552, ¶ 8 (3d Dist.), citing *Brady v. United States*, 397 U.S. 742 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is

voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 2004-Ohio-6806, ¶ 11 (7th Dist.), citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

**{¶18}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of five federal constitutional rights. *Martinez*, 2004-Ohio-6806, ¶ 12 (7th Dist.). These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

**{¶19}** A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez*, at ¶ 12, citing Crim.R. 11(C)(2)(a)(b).

**{¶20}** As to his constitutional rights, at the change of plea hearing the trial court advised Appellant that by changing his plea he was giving up his right to a jury trial, the right to confront witnesses against him, the right to compulsory service of witnesses in his favor, the right to have the state prove his guilt beyond a reasonable doubt, and the right to not be compelled to testify against himself. (7/22/24 Tr. 9-10). Appellant acknowledged that he understood that he was waiving each of these rights by pleading guilty. (7/22/24 Tr. 9-10). Thus, the trial court strictly complied with Crim.R. 11(C)(2)(c) pertaining to the waiver of each of the federal constitutional rights.

**{¶21}** As to his non-constitutional rights, the trial court advised Appellant: that after entering a guilty plea, it could proceed immediately to judgment and sentence; of the nature of the charge against him; and of the maximum penalty he faced. (7/22/24 Tr. 5, 7-8). Thus, the trial court substantially complied with Crim.R. 11(C)(2)(a)(b) regarding Appellant's non-constitutional rights.

**{¶22}** In addition to ensuring Appellant was aware of the constitutional and non-constitutional rights he was waiving, the trial court spent some time speaking with Appellant and confirming that he was satisfied with his counsel's representation. (7/22/24 Tr. 4, 7).

**{¶23}** Based on the above, Appellant entered his plea knowingly, voluntarily, and intelligently.

**{¶24}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

**{¶25}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Dickey, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**