[Cite as *State v. Parker*, 2025-Ohio-2632.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RAYVON VALONTAE PARKER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0006**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2024 CR 62

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor*,* and *Atty. Kristie M. Weibling*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Christopher P. Lacich*, Roth, Blair, for Defendant-Appellant.

Dated:  July 25, 2025

**HANNI, J.**

{¶1}    Defendant-Appellant, Rayvon Valontae Parker, appeals from a Mahoning County Common Pleas Court judgment sentencing him to ten years in prison following his guilty plea to domestic violence, receiving stolen property, having weapons while under a disability, assault, felonious assault, and a firearm specification.  Because the trial court imposed the jointly recommended 10-year sentence and because Appellant entered his guilty plea knowingly, voluntarily, and intelligently, we must affirm the trial court's judgment.

{¶2}    Since Appellant ultimately pleaded guilty in this case, the facts are scant. The charges arose from two separate incidents, one where Appellant assaulted his pregnant girlfriend, fled from the police, and had a firearm in his possession and the other where he fired shots at several people at a party.

{¶3}    On March 14, 2024, a Mahoning County Grand Jury indicted Appellant on 13 counts:

- Count 1 - robbery, a second-degree felony in violation of R.C. 2911.02(A)(2)(B)
- Count 2 - grand theft of a motor vehicle, a fourth-degree felony in violation of R.C. 2913.02(A)(1)(B)(5)
- Count 3 - domestic violence, a fifth-degree felony in violation of R.C. 2910.25(A)(D)(5)
- Count 4 - assault, a first-degree misdemeanor in violation of R.C. 2903.13(A)(C)
- Count 5 - receiving stolen property, a fourth-degree felony in violation of R.C. 2913.51(A)(C), with firearm and forfeiture specifications
- Count 6 - having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3)(B), with a forfeiture specification
- Count 7 - assault, a fourth-degree felony in violation of R.C. 2903.13(A)(C)(5)(a)

- Count 8 - obstructing official business, a fifth-degree felony in violation of R.C. 2921.31(A)(B)
- Count 9 - resisting arrest, a first-degree misdemeanor in violation of R.C. 2921.33(B)(D)
- Count 10 - aggravated burglary, a first-degree felony in violation of R.C. 2911.11(A)(2)(B), with a firearm specification
- Count 11 - felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2)(D)(1)(a), with a firearm specification
- Count 12 - felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2)(D)(1)(a), with a firearm specification
- Count 13 - having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3)(B)

Appellant initially entered a not guilty plea to all charges.

{¶4}   On December 19, 2024, after negotiations, Appellant and Plaintiff-Appellee, the State of Ohio, reached a plea agreement.  Per the terms of the agreement, Appellant entered a guilty plea to domestic violence (Count 3), receiving stolen property (Count 5), having weapons while under a disability (Count 6), assault (Count 7), and attempted felonious assault (Counts 11 and 12) with a firearm specification.  In exchange, the State agreed to dismiss the remaining counts.  The parties also reached an agreed-upon aggregate sentence of ten years.  The trial court accepted Appellant's change of plea and set the matter for sentencing.

{¶5}   At the sentencing hearing, the trial court imposed the agreed-upon sentence as follows.  Counts 11 and 12 merged for sentencing purposes.  On Count 11, the court sentenced Appellant to three years on the felonious assault and three additional years on the firearm specification, to be served prior to and consecutively to the sentence on the underlying offense.  The court then sentenced Appellant to 12 months on Count 3, 18 months on Count 5, and 18 months on Count 7, to be served consecutively to the sentence for Count 11.  Finally, the court sentenced Appellant to two years on Count 6, to be served concurrently with the other sentences.  Thus, Appellant's total sentence is ten years.

{¶6} Appellant filed a timely notice of appeal on January 16, 2025. He now raises a single assignment of error for our review.

{¶7} Appellant's sole assignment of error states:

THE TRIAL COURT ERRED AND IMPOSED A SENTENCE CLEARLY AND CONVINCINGLY CONTRARY TO LAW, WHEN IT SENTENCED THE APPELLANT TO A PRISON SANCTION OF TEN YEARS, AS AGREED TO BY THE PARTIES.

{¶8} Appellant argues his sentence is contrary to law. He acknowledges the sentence was jointly recommended and imposed by the trial court. Appellant makes a vague claim that he was under duress when he entered the plea agreement so that he did not enter his plea knowingly, intelligently, or voluntarily.

{¶9} R.C. 2953.08(D)(1) governs appeals from plea agreements involving jointly recommended sentences. It provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1).

{¶10} Thus, pursuant to the statute, we may not review on appeal a sentence that is: (1) authorized by law; (2) was jointly recommended by the defendant and prosecution; and (3) was imposed by a sentencing judge. *State v. Dixon*, 2022-Ohio-4681, ¶ 12 (7th Dist.), citing R.C. 2953.08(D)(1). Appellant's sentence meets each of these three requirements.

{¶11} In this case, the trial court imposed the ten-year aggregate sentence jointly recommended by the State and Appellant, which was authorized by law. Therefore, Appellant cannot now challenge this sentence on appeal.

{¶12} Appellant also seems to suggest that perhaps he did not enter his plea knowingly, voluntarily, and intelligently.

{¶13} Crim.R. 11(C) states that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently, and voluntarily. *State v. Wright*, 2009-Ohio-4636, ¶ 13 (7th Dist.). These

advisements are typically divided into constitutional rights and non-constitutional rights. *Id*.

**{¶14}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against the defendant; (3) compulsory process to obtain witnesses in the defendant's favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *Id*., citing Crim.R. 11(C)(2)(c). If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *State v. Veney*, 2008-Ohio-5200, ¶ 31.

**{¶15}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶ 19-26.

**{¶16}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11 mandates. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Id*.

**{¶17}** At Appellant's change of plea hearing, the trial court clearly informed Appellant that by pleading guilty he was waiving his rights to a jury trial, to have the State prove his guilt beyond a reasonable doubt, to confront witnesses, to compulsory process to obtain witnesses, and to remain silent. (Dec. 19, 2024, Tr. 12-15). Thus, the court strictly complied with Crim.R. 11(C)(2) as to Appellant's constitutional rights.

**{¶18}** Likewise, at Appellant's change of plea hearing the trial court informed Appellant of the nature of the charges, the maximum penalties he faced, postrelease control, that he was not eligible for community control, and that the court could proceed

immediately to sentencing. (Dec. 19, 2024, Tr. 6-8, 11, 22-23). Thus, the trial court substantially complied with Crim.R. 11(C)(2) as to Appellant's non-constitutional rights.

{¶19} Because the trial court complied with Crim.R. 11(C)(2) and properly advised Appellant of his constitutional and non-constitutional rights, Appellant entered his plea knowingly, voluntarily, and intelligently.

{¶20} Accordingly, Appellant's sole assignment of error is without merit and is overruled.

{¶21} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Dickey, J., concurs.

———————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**