[Cite as *State v. Wilson*, 2026-Ohio-1166.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-25-00130

    Appellee                                  Trial Court No. CR0202402114

v.

Theodore Wilson                           **DECISION AND JUDGMENT**

    Appellant                                 Decided:  March 31, 2026

* * * * *

Julia R. Bates, Esq., Prosecutor and
Brenda J. Majdalani, Esq., Assistant Prosecutor, for appellees.

Tyler Naud Jechura, Esq., for appellant.

* * * * *

**SULEK, J.,**

{¶ 1} Appellant, Theodore Wilson, appeals from the March 10, 2025 judgment of

the Lucas County Court of Common Pleas convicting him of burglary, one count of gross

sexual imposition, and one count of pandering obscenity and sentencing him to three

concurrent prison terms: (1) a minimum of seven years and a maximum of ten-and-a-half years; (2) 18 months; and (3) 18 months. Wilson's single assignment of error challenges the length of his prison term. For the reasons that follow, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On August 13, 2024, the Lucas County Grand Jury indicted Wilson on one count of burglary in violation of R.C. 2911.12(A)(1) and (D), a felony of the second degree (count 1); one count of gross sexual imposition in violation of R.C. 2907.05(A)(5) and (C), a felony of the fourth degree (count 2); and one count of pandering obscenity in violation of R.C. 2907.32(A)(2) and (C), a felony of the fourth degree (count 3).

{¶ 3} The charges in the indictment stemmed from an incident on the night of August 8, 2024 in which Wilson entered a woman's apartment through an open window and engaged in sexual contact with her while she was sleeping. Before leaving the victim's apartment, Wilson took a photo of his genitals with the victim's phone.

{¶ 4} Although Wilson initially pleaded not guilty, he withdrew his plea and entered a guilty plea to all three counts pursuant to a plea agreement with the State. In exchange for his guilty plea, the State agreed to recommend a seven-year prison term. The plea agreement form sets forth the possible sentences for each of Wilson's offenses. For burglary, the form states that the basic prison term was "2, 3, 4, 5, 6, 7, or 8 years [plus] 50% of stated term." The form specifies that no other promises or threats have been made to induce the defendant into entering into the agreement and states that "the

2.

State and the defendant, pursuant to R.C. 2953.008(D)(1), jointly recommend a sentence of 7 years to be served." Finally, the form includes a section explaining indefinite prison terms for first- and second-degree felonies, explaining that "there is a rebuttable presumption that [the defendant] shall be released from service of the sentence at the expiration of [the defendant's] minimum term or presumptive early release date, whichever is earlier." In addition to the plea agreement, Wilson also signed a form entitled "Rebuttal of Presumption of Release," which states, "The Court further notifies the defendant that on a non-life felony indefinite prison term, the Ohio Department of Rehabilitation and Corrections (ODRC) may maintain the defendant's incarceration beyond the minimum term if it makes specified findings rebutting the presumption of release." The form then explains that even if the release presumption is rebutted, the defendant's incarceration may be extended but cannot exceed the defendant's maximum term, and any hearing to extend the incarceration would occur through the ODRC, not the sentencing court.

{¶ 5} During the plea hearing, the trial court engaged in a Crim.R. 11 colloquy with Wilson, which included the following exchange:

THE COURT: Have any threats or promises been made to you to get you to enter into this plea?

THE DEFENDANT: No, sir.

THE COURT: Has anyone told you that I promised a sentence?

THE DEFENDANT: Nope.

3.

THE COURT: I do understand there's a recommendation. I have not indicated that I would follow it. Do you understand that?

THE DEFENDANT: Yes.

The trial court discussed the possible penalties it could impose for each charge, including the maximum possible prison terms, and informed Wilson "[f]or the offense of burglary … you receive a minimum and maximum sentence." In addition, the trial court also questioned Wilson to ensure he understood the forms he signed as follows:

THE COURT: You've signed the rebuttal of presumption of release form. Did you go over that form?

THE DEFENDANT: Yes.

THE COURT: Any questions about that form?

THE DEFENDANT: No.

Following the colloquy, the trial court accepted Wilson's guilty plea.

{¶ 6} On March 10, 2025, Wilson appeared for sentencing. At the outset of the hearing, the trial court said the following:

Before I proceed with sentencing, something about that process stuck out to me, and it has to do with the agreed upon sentence. And I think that I didn't fully understand what the totality of the sentencing agreement was. Was the – I know the State in the past has taken their legal position that the mere fact that someone agrees to an agreed upon sentence they must serve their entire sentence, which is what I thought the position the State was taking. Or was this something negotiated between the parties?

The trial court then held a discussion at the bench off the record with the parties before proceeding with the sentencing hearing. After notifying Wilson of his obligations to register as a sex offender, the trial court heard from the victim, Wilson, and the State.

4.

The State recommended that the trial court impose the sentence in the plea agreement. The trial court did so, stating as follows:

> I am going to follow the recommendation of the parties and order the following sentences. I hereby find that you are not amenable to community control. Prison is consistent with the principles and purposes of sentencing. Therefore, I order the following prison terms. For the offense of burglary, Count 1, a felony of the second degree, you're going to serve a minimum sentence of 7 up to a maximum sentence of 10 and a half years; Count 2, gross sexual imposition, hereby order you serve a prison term of 18 months; Count 3, pandering obscenity, hereby order you serve a sentence of 18 months. I'm going to order that those sentences be served concurrent to one another. For a total stated prison term of 7 years – minimum of 7 years to a maximum of 10 and a half years in the State penitentiary.

Wilson did not object, question, or otherwise attempt to challenge the sentence imposed.

{¶ 7} The trial court's sentencing entry reflected the sentence imposed at the sentencing hearing. Wilson filed a timely appeal of his sentence.

## II. Assignment of Error

{¶ 8} Wilson asserts a single assignment of error for review: "The sentence given by the trial court was excessive, as it was beyond the agreed upon sentencing recommendation."

## III. Law and Analysis

{¶ 9} In support of his assignment of error, Wilson argues that pursuant to R.C. 2953.08(G)(2)(a), his sentence must be "modified to a maximum of seven years" because "the record is devoid of clear and convincing evidence as to why [Wilson] did not deserve the seven-year sentence he relied upon in exchange for his plea of guilty."

5.

{¶ 10} Felony sentencing challenges are reviewed under R.C. 2953.08(G)(2). That statute permits an appellate court to increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter for resentencing where the court clearly and convincingly finds:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2). However, R.C. 2953.08(D)(1) provides that a sentence "is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶ 11} Here, pursuant to the plea agreement, the State and Wilson jointly recommended that the trial court impose a seven-year sentence. As the plea agreement, the Rebuttal of Presumption of Release form, and the trial court's statements during the plea colloquy explained, because Wilson pleaded guilty to a second-degree felony, burglary, the trial court was required by the Reagan Tokes law to impose a minimum term and a maximum term fifty percent longer than the minimum term. R.C. 2929.144. The trial court therefore imposed a minimum term of seven years and a maximum term of ten-and-a-half years. Wilson appears to be arguing that the trial court's imposition of a maximum term greater than seven years violated the plea agreement and therefore his sentence was contrary to law.

6.

{¶ 12} In *State v. Billman*, 2025-Ohio-211 (7th Dist.), pursuant to a plea agreement, the appellant and the State jointly recommended a five-year prison term. *Id*. at ¶ 3. The trial court imposed a prison term of five to seven-and-a-half years in compliance with the Reagan Tokes law. *Id*. at ¶ 4. The Seventh District held that the sentence was not reviewable because the trial court imposed the jointly recommended sentence. *Id*. at ¶ 11. Just as the trial court did in *Billman*, the trial court here imposed the jointly recommended sentence, and its imposition of a ten-and-half year maximum term required by the Reagan Tokes law was simply part of the jointly recommended sentence. Indeed, the plea agreement expressly provided notice to Wilson that he may be subject to a minimum indefinite sentence and a maximum definite sentence. Accordingly, R.C. 2953.08(D)(1) bars appellate review of Wilson's sentence under R.C. 2953.08(G).

{¶ 13} Wilson's assignment of error is found not well-taken.

### IV. Conclusion

{¶ 14} Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to Wilson.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Gene A. Zmuda, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| | JUDGE |
| Charles E. Sulek, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.