HOSTETLER *v.* PETERS ET AL.

*Descent and distribution — Ancestral and nonancestral property — Testatrix died leaving sister — Devise to niece, who died intestate, without issue — Life estate in husband of niece — Fee simple title in her brother, when.*

M. J. S., by her last will and testament, devised her real estate to a niece, S. J. H. M. J. S., at the time of her death, left surviving a sister, E. P., and children of a deceased sister, her only heirs at law, who would have inherited the real estate had M. J. S. died intestate. S. J. H. and one E. A. P. were children of E. P., neither of whom would have inherited any portion of the real estate from M. J. S. had she died intestate. S. J. H. died intestate, without issue, leaving surviving her husband, D. M. H. *Held:* The real estate of which S. J. H. died seized was ancestral within the meaning of Section 8573, General Code, and upon her death it passed to and vested in her husband relict during his natural life and at his death to her brother, E. A. P.

(No. 14949 — Decided February 29, 1916.)

ERROR to the Court of Appeals of Tuscarawas county.

Plaintiff in error, David M. Hostetler, brought an action in the court of common pleas of Tus-

carawas county, in which he claimed to be the owner in fee simple of three tracts of real estate described in his petition and asked that his title thereto be quieted and that certain alleged claims of the defendants in and to said real estate be adjudged null and void. The court of common pleas decided adversely to plaintiff in error upon the several issues made by the pleadings. The case was appealed to the court of appeals and was there heard upon the pleadings and the evidence, and the court found that the defendant Edward A. Peters was entitled, by virtue of a certain lease, to the possession of the real estate described in the petition as tract No. 3 until the 13th day of March, 1919, that a certain legacy of $800, set up in the answer and cross-petition of two of the defendants, was intended to be and was a lien and charge upon all of said real estate, subject to the said leasehold estate of Edward A. Peters, and found further that plaintiff in error had but a life estate in the real estate described in his petition, subject to said legacy and said leasehold estate in tract No. 3, and that said Edward A. Peters was owner in fee simple of the remainder in all of said real estate, subject to said legacy and leasehold estate. The judgment and decree of the court was, in substance, that if said legacy was not paid, within 30 days from the date of the decree, to the persons named therein, certain portions of the real estate be sold, and out of the proceeds of said sale, after the payment of costs and of said legacy, there be paid to plaintiff in error the value of his life estate, and that the remainder be paid to the defendant Ed-

ward A. Peters.   Upon application of plaintiff in error the court of appeals was directed to certify its record to this court.

*Mr. Ed. C. Seikel,* for plaintiff in error.

*Mr. Henry Bowers; Mr. John C. Welty* and *Mr. C. L. Cronebaugh,* for defendants in error.

Newman, J.   The real estate in controversy was real estate of which the wife of plaintiff in error, who died August 22, 1911, intestate and without issue, was seized.   The court of appeals held that plaintiff in error had but a life estate therein and this holding is challenged by counsel for plaintiff in error.   If the real estate in question was ancestral, within the meaning of the statutes of descent, the holding of the court below was correct. To determine how this real estate passed from the wife of plaintiff in error, it is necessary to know how it came to her.   It was originally owned by the maternal aunt of the wife of plaintiff in error, one Mary Jane Shroy, who died testate April 15, 1909.   By her last will and testament this real estate was devised to this niece.   Mary Jane Shroy left surviving her a sister, Elizabeth Peters, and three children of a deceased sister, her only heirs at law, to whom the real estate would have descended had she died intestate.   Serena Jane Hostetler, wife of plaintiff in error, and the defendant Edward A. Peters were children of Elizabeth Peters, and it is conceded that neither of them would have inherited any part of the real estate

in question from Mary Jane Shroy, for, as stated before, their mother was living at the date of the death of Mary Jane Shroy.

Section 8573, General Code, provides in part:

"When a person dies intestate, having title or right to any real estate or inheritance in this state, which title came to such intestate by descent, devise, or deed of gift from an ancestor, such estate shall descend and pass in parcenary to his or her kindred in the following course:

"1.   To the children of such intestate, or their legal representatives.

"2.   If there are no children or their legal representatives living, the estate shall pass to and vest in the husband or wife, relict of such intestate, during his or her natural life.

"3.   If such intestate leave no husband or wife, relict of himself or herself, or at the death of such relict, the estate shall pass to and vest in the brothers and sisters of the intestate who are of the blood of the ancestor from whom the estate came, or their legal representatives, whether such brothers and sisters be of the whole or half blood of the intestate."

The court of appeals took the position that the real estate in question came to the wife of plaintiff in error by devise from an ancestor.   The wife dying intestate and there being no children or their legal representatives, the estate, under the provisions of subdivision 2 above quoted, passed to and vested in the husband, plaintiff in error, during his life, and at his death, under the provisions of subdivision 3, passed to and vested in the defend-

ant Edward A. Peters, brother of the intestate, of the blood of the ancestor, Mary Jane Shroy, from whom the estate came.

It is the contention of plaintiff in error that the property was not ancestral and therefore was controlled by Section 8574, General Code, which in part is as follows:

"If the estate came not by descent, devise, or deed of gift, it shall descend and pass as follows:

"1.   To the children of the intestate and their legal representatives.

"2.   If there are no children, or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate."

This section has been construed to provide for the descent of all real estate which did not come to the intestate by descent, devise or deed of gift from an ancestor. (*Brower et al.* v. *Hunt et al.,* 18 Ohio St., 311.) If this section is to control the descent of the real estate here involved, plaintiff in error would be the owner in fee simple under the provisions of the second subdivision thereof. In support of the contention that this is not ancestral property counsel rely upon *Brewster* v. *Benedict et al.,* 14 Ohio, 368, where it was held: "Under the statutes of Ohio, to regulate descents, etc., the property of an intestate, coming to him by devise, or deed of gift, when he would, by law, have inherited the same property, must descend to those heirs who are of the blood of the person who made the devise, or deed of gift, whether such person be the lineal ancestor of the intestate or not."

In that case an uncle was held to be the ancestor of his nephew and that certain property devised by the uncle to the nephew passed from the nephew, who died intestate, as ancestral property. Counsel contend that under the holding in the *Brewster case* the test is, Would the intestate have inherited the real estate had there been no will? If this be true, then, in the instant case, the property would not be ancestral, for the wife of plaintiff in error would not have inherited the same, as her mother was living at the time of the death of the aunt.

In *Birney* v. *Wilson et al.*, 11 Ohio St., 426, Judge Peck, in the opinion, says: "In accordance with this view, it may now be regarded as the settled law of Ohio, that the word 'ancestor,' as used in our statutes of descents, means anyone from whom the estate was *inheritable* by the intestate, as heir, in the absence of other and nearer heirs." In support of this *Brewster* v. *Benedict et al., supra,* is cited. It is evident that Judge Peck placed a construction on the holding in the *Brewster case* different from the one for which counsel here are contending.

In the case of *Springer & Taylor* v. *Fortune et al.*, 2 Handy, 52, where the facts are very similar to those of the case at bar, it was held that an uncle was the ancestor of his niece, within the meaning of the statutes of descent. We quote from the opinion of Judge Gholson, at page 58:

"In the idea of the term 'ancestor,' as derived from the legal definition of a descent, two things are to be observed: the character of the estate, and the personal relationship, or the act of law and

the right of blood.   It was in view of this personal relationship and right of blood that the legislature used the words 'any ancestor.'   The statute was framed in deference to a very common and almost instinctive desire that those of one's own blood should inherit his estate.   This desire was supposed to exist in any devisor or donor who might give an estate to one of his own kindred and blood.

"That this personal relationship was considered, is clearly shown by the provision of the statute, that, if there be no children, and no brothers and sisters of the intestate, of the blood of the ancestor from whom the estate came by a deed of gift, then such ancestor, if living, shall inherit the estate. And this provision, as to the case of a deed of gift from a living ancestor, shows that the test whether the donee would have inherited, cannot furnish a proper general rule; for how can it be known who would inherit, until the death of the ancestor?"

Applying to the case under consideration the law which Judge Peck in *Birney* v. *Wilson et al., supra,* says was the settled law in Ohio, followed in *Lessee of Prickett et al.* v. *Parker,* 3 Ohio St., 394, where it was held that by an ancestor was meant anyone from whom the estate is inheritable, we are constrained to hold that the property in question is ancestral property and that it is controlled by the provisions of Section 8573.

In the brief of counsel for plaintiff in error objections are made to the holding of the court of appeals as to the leasehold estate and the legacy, but in oral argument these objections were withdrawn and the only question presented to us for

consideration was the one which we have determined.

*Judgment affirmed.*

NICHOLS, C. J., JOHNSON, WANAMAKER, JONES and MATTHIAS, JJ., concur.