[Cite as *State v. Ratcliffe*, 2019-Ohio-308.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-18-002

      Appellee                              Trial Court No. 2015CR0464

v.

Michael Ratcliffe                          **DECISION AND JUDGMENT**

      Appellant                             Decided:  February 1, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Joseph W. Westmeyer, III, for appellant.

* * * * *

**OSOWIK, J.**

### Introduction

{¶ 1} Defendant-appellant, Michael Ratcliffe, pled guilty to two counts of

vehicular assault, and the Wood County Court of Common Pleas sentenced him to serve

15 months in prison, as to each count, to be served consecutively.  Ratcliffe appealed.  He

claims that the record does not support the trial court's imposition of consecutive sentences and that the court erred in considering his alleged intoxication and excessive speed at sentencing. The transcript from the sentencing hearing and the sentencing entry demonstrate that the court considered the appropriate factors and made the requisite findings before imposing consecutive sentences. Because we find no clear and convincing evidence that the trial court imposed a sentence that was unsupported by the record or otherwise contrary to law, we affirm the judgment of the trial court.

### Facts and Procedural History

{¶ 2} On December 3, 2015, Ratcliffe was indicted on two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1)(a) and 2903.08(B)(1)(a), felonies of the second degree and one count of operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them, in violation of R.C. 4511.19(A)(1)(b) and 4511.19(G)(1)(a), a misdemeanor of the first degree. The charges stemmed from an accident that occurred on October 10, 2015, while Ratcliffe was operating his motor vehicle on Route 6 in Wood County. According to the state, Ratcliffe was operating his Porsche Carrera at a high rate of speed while traveling westbound on Route 6. Ratcliffe passed two vehicles that were also traveling in the westbound lane, lost control of his car, and slid sideways into an oncoming motorcycle that was traveling in the eastbound lane. Ratcliffe was impaired at the time of the crash. The operator of the motorcycle, R.B., and his passenger, S.C., were transported by helicopter to a local hospital. R.B. underwent

2.

multiple surgeries and, due to his injuries, is now confined to a wheelchair. S.C. sustained broken bones and "road rash."

{¶ 3} Ratcliffe initially pled not guilty. The parties then reached an agreement whereby Ratcliffe agreed to plead guilty, in exchange for the state's amendment of Counts 1 and 2, from aggravated vehicular assault to vehicular assault, in violation R.C. 2903.08(A)(2)(b) and 2903.08(C), felonies of the fourth degree. The state also agreed to dismiss Count 3. Following a full hearing on the matter, the court accepted Ratcliffe's guilty plea. It then ordered a presentence investigation ("PSI").

{¶ 4} During the December 15, 2017 sentencing hearing, R.B., aged 48, described the impact of his injuries, which include his confinement to a wheel chair, incontinence, impotence, depression, and loss of employment and insurance. At the conclusion of the hearing, the trial court sentenced Ratcliffe to serve 15 months in prison as to Count 1, and 15 months as to Count 2, with the prison terms to be served consecutively. Ratcliffe appealed and raises the following assignments of error:

I. The trial court erred in considering intoxication as a factor at sentencing.

II. The trial court erred in its decision to sentence Michael Ratcliffe to consecutive sentences of 15 months.

{¶ 5} Ratcliffe was convicted of two counts of vehicular assault, in violation of R.C. 2903.08(A)(2)(b) and (C), which provide,

3.

(A) No person, while operating or participating in the operation of a motor vehicle, * * * shall cause serious physical harm to another person * * * (2) [i]n one of the following ways: (b) Recklessly.* * *

(C) (2) Except as otherwise provided in this division, vehicular assault committed in violation of division (A)(2) of this section is a felony of the fourth degree.

{¶ 6} We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find that: (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * *" or (2) "the sentence is otherwise contrary to law." *Id.*, citing R.C. 2953.08(G)(2).

{¶ 7} We begin by noting that a fourth-degree felony is punishable by a term of 6 to 18 months in prison. R.C. 292914(A)(4). Thus, Ratcliffe's 15-month prison sentence, as to each offense, is within the sentencing range, and Ratcliffe does not argue otherwise.

{¶ 8} We address Ratcliffe's assignments of error in reverse order. Ratcliffe argues that the record does not support the trial court's findings under R.C. 2929.14(C)(4), which governs the imposition of consecutive sentences. R.C. 2929.14(C)(4) provides,

4.

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} Thus, "[i]n order to impose consecutive prison terms for convictions of multiple offenses, a trial court must make three statutory findings.  R.C. 2929.14(C)."

5.

*State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. That is, it must find (1) that consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) that R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. Moreover, "the trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37.

{¶ 10} Ratcliffe failed to object to the imposition of consecutive sentences at the sentencing hearing and therefore forfeited this issue, absent plain error. *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 152. Plain error exists when the error is plain or obvious and when the error affects substantial rights. To rise to the level of plain error, it must appear on the face of the record that an error was committed. *State v. Slagle*, 65 Ohio St.3d 597, 605, 605 N.E.2d 916 (1992) ("The appellate court must examine the error asserted by the defendant-appellant in light of all of the evidence"). The test for plain error is stringent. A party claiming plain error must show that (1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the trial. Moreover, the burden of demonstrating plain error is on the party asserting it. *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31 (where nothing in the record supported a finding of plain error, appellant failed to meet his burden). An error affects substantial rights when, but for the error, the outcome of the

6.

proceeding clearly would have been otherwise. We take notice of plain error with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Mullins,* 4th Dist. Scioto No. 15CA3716, 2016-Ohio-5486, ¶ 29-30 (No plain error where court imposed consecutive sentences as to multiple offenses, including two counts of vehicular assault, where the trial court "sufficiently fulfilled the 'finding' requirement under R.C. 2929.14(C)(4).").

{¶ 11} At the sentencing hearing in this case, the trial court did not identify the statute by name or by reference number. It did assert, however, that consecutive sentences were "appropriate * * * to protect the public from future crime and to punish the offender" and that consecutive sentences were "not disproportionate to the seriousness of the offender's conduct considering the serious nature of the injuries to the victim in this particular case and the danger the offender poses to the public in this case." Ratcliffe raises no error with regard to either of the court's first two findings under R.C. 2929.14(C)(4). With regard to the factors set forth in R.C. 2929.14(C)(4)(a)-(c), the parties agree that subsection (a) does not apply. Ratcliff does object to the applicability and/or the court's findings with regard to both subsection (b) and (c).

{¶ 12} As to subsection (b), the trial court found that "the harm in this case is so great or unusual that a single term does not adequately reflect the seriousness of conduct." In that statement, the court cited some, but not all, of subsection (b). It omitted, for example, any reference to the fact there were "multiple offenses" and/or harm "caused by two or more of the multiple offenses." In addition to omitting some

7.

elements of the statute, the court only referred to a single victim at sentencing, either referring to R.B. by name or referring to him as "the victim." Ratcliffe claims that the court's comments do not constitute a finding under section (C)(4)(b) because the "only harm that was included in the record was to [R.B.] [and] the record is absent of any other injuries that occurred." The state concedes that it "was not a model recitation."

{¶ 13} While "a word-for-word recitation of the language of the statute is not required," a reviewing court must be able to discern that the trial court engaged in the correct analysis and the record must contain evidence to support the trial court's findings. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. In our view, the trial court's failure to cite key statutory elements, combined with its reference to only one victim, negates a finding that consecutive sentences are warranted under section (C)(4)(b).

{¶ 14} With regard to subsection (c), the court found that, "because of the offender's criminal history * * * consecutive terms are necessary or needed to protect the public in this particular matter." It elaborated,

> Significant to this Court is this defendant's particular long history with OVIs or DUI's. In 1995 he had an OWI, operating while under the influence. 2003, another one. There are two on the record for 2008 and 2010, but there's no disposition. Then another one in 2010. Defendant has acknowledged three DUIs.

8.

In between his 1995 OWI and 2003 he had other offenses, some them involving alcohol, including public intoxication, twice. Further, in 2011 he had an aggravated battery/domestic, which he served prison time after violating probation. In 2012 there was a battery. And all of these appear to involve some kind of substance, intoxicant.

Further, the defendant showed up for the presentence investigation report and tested positive for cocaine and admitted to using the cocaine. (Dec. 15, 2017 Tr. at 15-16).

**{¶ 15}** Ratcliffe does not dispute his criminal record, other than to assert that he spent time in a Kansas jail, not prison, and that the duration was not "significant," despite that characterization in his PSI. We find that the trial court's findings made pursuant to subsection (c) are sufficient to support the imposition of consecutive sentences in this case. Moreover, the statute only requires the sentencing court to make one of the findings specified in subsections (C)(4)(a) through (c) before imposing consecutive sentences. *See e.g. State v. Higginbotham,* 10th Dist. Franklin No. 17AP-150, 2017-Ohio-7618, ¶ 21. Therefore, we conclude that the trial court's findings on the record support the imposition of consecutive sentences.

**{¶ 16}** We next address whether the trial court properly incorporated its R.C. 2929.14(C)(4) findings into the judgment entry. Here, Ratcliffe raises no error with respect with to the trial court's August 28, 2017 sentencing entry. For the record, the court found that "the terms of prison should be served consecutively to punish the

9.

Defendant and protect the public from future crime of the Defendant" which meets the first required finding under R.C. 2929.14(C)(4). Next, the court found that consecutive sentences "are not disproportionate to the seriousness of the Defendant's conduct and the danger the Defendant poses to the public" which meets the second required finding under R.C. 2929.14(C)(4). Finally, the court found that, pursuant to R.C. 2929.14(C)(4)(c), consecutive sentences were necessary "based upon the follow facts: * * * [d]efendant has a history of crimes that are violent and involve drugs and/or alcohol."

{¶ 17} We conclude that the trial court conducted the correct analysis in making its findings under R.C. 2929.14(C)(4) and that the findings are supported by evidence in the record. Ratcliffe's second assignment of error is not well-taken.

{¶ 18} In his first assignment of error, Ratcliffe argues that the trial court improperly considered Ratcliffe's intoxication when it sentenced him, despite "absolutely no evidence in the record to prove Ratcliffe had been drunk when operating his vehicle on October 15th, 2015."

{¶ 19} As discussed, Ratcliffe was originally charged with driving under the influence, and Counts 1 and 2 were originally based upon driving under the influence, as opposed to just reckless operation. Pursuant to the plea agreement, the driving under the influence charge (Count 3) was dismissed and Counts 1 and 2 were amended so that they were lower degree felonies based upon recklessness instead of impaired driving. At sentencing, the court said,

10.

On the particular evening that this happened the defendant was under the influence of alcohol or had consumed alcohol. At the least he had consumed alcohol. He was under suspension. He was driving in excess of 78 miles per hour. He indicated he was only going 65, but he was going much faster. He was driving recklessly, terribly recklessly for a particular road like Route 6.

{¶ 20} Ratcliffe argues that the court abused its discretion by considering his alleged intoxication and then sentencing him "for a crime that was not proven." We do not review Ratcliffe's sentence under an abuse of discretion standard but rather whether it is otherwise contrary to law. R.C. 2953.08(G)(2).

{¶ 21} The court did not find that Ratcliffe was "intoxicated." Rather, it stated that he was "under the influence of alcohol *or* * * * [a]t the least he had consumed alcohol." (Emphasis added.). Upon review, we find evidence in the record to support the court's finding that Ratcliffe consumed alcohol before the accident. As set forth in the PSI: "The defendant elaborated on the offense during the presentence interview. He indicated he was drinking while in Norwalk with his uncle. He talked about how his uncle was 'hammered.' He said he had two beers at the bar, then 'helped/carried' his uncle home." The trial court's consideration of the PSI was proper. Pursuant to R.C. 2929.19(B), a trial court "shall consider * * * the presentence investigation report" before imposing a sentence. Defense counsel affirmatively stated at sentencing that he had "no objection" to the PSI. Moreover, as the state points out, evidence of a charge dismissed

11.

pursuant to a plea agreement is a permissible sentencing consideration unless otherwise provided in the agreement. *State v. Lewis*, 6th Dist. Wood No. WD-14-082, 2015-Ohio-4629, ¶ 7, citing *State v. Finn*, 6th Dist. Lucas Nos. L-09-1162, L-09-1163, 2010-Ohio-2004, ¶ 8; *See also State v. Johnson,* 7th Dist. Mahoning No. 10MA32, 2010-Ohio-6387, ¶ 26 (Where DUI charge was dismissed as part of plea agreement, the court's comment at sentencing that "I don't believe for a second that the substances the defendant was found to contain in his system had nothing to do with this" was not improper.). We have reviewed the plea agreement in this case. It does not prohibit consideration of the dismissed charge and/or Ratcliffe's alleged intoxication.

{¶ 22} Ratcliffe also complains that the trial court erred in finding that he "going 78 miles per hour in a 55 mile per hour zone." Ratcliffe failed to raise this issue as an assignment of error, in contravention of App.R. 16(A)(7). Nonetheless, we note that the PSI states, "[t]hrough investigations, it was found the defendant was traveling between 76-78 MPH at the time it entered its first spin." We find that the trial court did not err in considering Ratcliffe's consumption of alcohol or speed when fashioning his prison sentence. Appellant's first assignment of error is found not well-taken.

{¶ 23} On consideration whereof, we find that Ratcliffe was not prejudiced or prevented from having a fair proceeding and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                _____
                                                JUDGE

James D. Jensen, J.               

                                        _____
Christine E. Mayle, P.J.             JUDGE
CONCUR.

                                        _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.