[Cite as *State v. Fonseca-Mora*, 2026-Ohio-2385.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No.  E-25-017

     Appellee                               Trial Court No.  2024 CR 0417

v.

Santiago Fonseca-Mora                  **DECISION AND JUDGMENT**

     Appellant                              Decided: June 23, 2026

\* \* \* \* \*

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Anthony J. Richardson, II, for appellant.

\* \* \* \* \*

**ZMUDA, J.,**

## I.  Introduction

{¶ 1} Appellant, Santiago Fonseca Mora, appeals from the April 28, 2025 judgment of the Erie County Court of Common Pleas convicting him of two counts of gross sexual imposition and one count of forgery.  The trial court ordered appellant to serve the three prison terms it imposed on these offenses consecutively, resulting in an

aggregate prison term of 45 months.  For the following reasons, we affirm the trial court's judgment.

## A.  Facts and Procedural Background

{¶ 2} Appellant, a Colombian citizen without legal residency in the United States, was initially charged with ten offenses in the Sandusky Municipal Court.[1] Those offenses were bound over to the Erie County Court of Common Pleas on October 22, 2024.  While the grand jury considered whether to indict appellant, federal immigration officials placed a detainer hold[2] on appellant. While out on bond from the municipal court offenses, the "Border Patrol" detained appellant in the Erie County Jail.[3]

{¶ 3} On December 2, 2024, the grand jury indicted appellant on one count of rape in violation of R.C. 2907.02(A)(2), a first-degree felony; one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a fourth-degree felony; and one count of forgery in violation of R.C. 2913.31(A)(3), a fifth-degree felony. The charges arose from

---

[1] The ten counts were: two counts of forgery, violations of R.C. 2913.31; one count of identity fraud, a violation of R.C. 2913.49; two counts of sexual imposition, violations of R.C. 2907.06; two counts of unlawful restraint, violations of R.C. 2905.03; one count of rape, a violation of R.C. 2907.02; one count of attempted rape, a violation of R.C. 2907.02 and 2923.02; and one count of strangulation, a violation of R.C. 2903.18.

[2] Appellant filed a notice of a removal order on December 1, 2024.  The order was filed in case No. A-221021946 by an immigration judge in Cleveland, Ohio.  The case included a detainer order in effect since October 2, 2024.

[3] Neither party defines "Border Patrol," which we infer from the context of the record is the United States Border Patrol, an arm of the U.S. Customs and Border Protection agency under the Department of Homeland Security.

2.

several incidents that occurred between August 1, 2024, and September 30, 2024. During that time, appellant was a guest in the home of the victim's parents awaiting an immigration hearing to determine if he could legally reside in the United States. While there, he committed the sexual offenses against the 17-year-old victim. At the time he was arrested, he was found in possession of falsified documents containing the victim's brother's identifying information, resulting in the forgery offense.

{¶ 4} Appellant was arraigned on December 10, 2024, and entered a not guilty plea. Following negotiations with the State, he appeared for a change of plea hearing on April 22, 2025. Pursuant to his agreement, appellant entered a guilty plea to two counts of gross sexual imposition—one an amended charge from the original rape offense—and one count of forgery. The trial court proceeded directly to sentencing and imposed a 17-month prison term on each count of gross sexual imposition and an 11-month prison term on the single count of forgery. The trial court ordered appellant to serve the prison terms consecutively, resulting in an aggregate prison term of 45 months. The trial court memorialized appellant's sentence in its April 28, 2025 judgment entry.

## B. Assignment of Error

{¶ 5} Appellant timely appealed and asserts the following error for our review:

1. The trial court committed error by imposing consecutive prison terms without necessary findings being supported by the record.

## II. Law and Analysis

### a. Standard of review

{¶ 6} In his single assignment of error, appellant argues that the trial court erred because the findings it made in order to impose consecutive sentences pursuant to R.C. 2929.14(C)(4) were not supported by the record. Before addressing the merits of appellant's assigned error, we note that the parties have identified different standards of review they believe are applicable in this appeal. Appellant argues that our review is guided by R.C. 2953.08(G)(2), the statutory standard of review enacted by the Ohio General Assembly. The State, however, argues that because appellant did not offer an express objection to the sentence imposed that he has waived all but plain error review. For the following reasons, we find that the statutory standard of review described in R.C. 2953.08(G)(2) is applicable.

{¶ 7} Initially, we note that R.C. 2953.08(A)(4) provides defendants with a right to appeal sentences that are contrary to law. The statute further provides the standard of review under which felony sentences are reviewed. R.C. 2953.08(G)(2). This court has consistently held that felony sentences are reviewed pursuant to this standard. *See State v. Szozda,* 2022-Ohio-2294 (6th Dist.); *State v. Symington,* 2026-Ohio-1431 (6th Dist.); *State v. Wilson,* 2026-Ohio-1166 (6th Dist.); *State v. Betz,* 2026-Ohio-1158 (6th Dist.).[4]

---

[4] We note that this court has also previously applied plain error review to felony sentences. *See State v. Ratcliffe*, 2019-Ohio-308, ¶ 10 (6th Dist.). For the reasons described below, we find that those instances are limited to alleged errors outside the scope of R.C. 2953.08.

4.

The State now seeks a deviation from this standard based on appellant's purported failure to object.

{¶ 8} We acknowledge that the State is correct that if a party fails to raise an issue with the trial court, that they waive that argument and are limited to plain error review on appeal. *State v. Ratcliffe*, 2019-Ohio-308, ¶ 10 (6th Dist.). Such a general principle is not applicable here. The purpose of this waiver is "founded on the desire to avoid unnecessary delay and to discourage defendants from making erroneous records which would allow them an option to take advantage of favorable verdicts or to avoid unfavorable ones." *State v. Awan,* 22 Ohio St.3d 120, 123 (1986). Further, "justice is far better served when [an appellate court] has the benefit of briefing, arguing, and lower court consideration before making a final determination." *Sizemore v. Smith,* 6 Ohio St.3d 330, 333, fn. 2 (1983). Put simply, if a party seeks review of an issue on appeal, that issue must have first been presented to and resolved by the trial court or they are limited to plain error review.

{¶ 9} Here, it cannot be disputed that appellant's argument regarding the imposition of a prison term was resolved by the trial court. During the hearing, appellant expressly requested that the trial court not impose any prison time for the offenses he committed. He argued that since he would have to serve any sentence imposed prior to his purportedly impending removal from the United States, that imposing a prison term would only delay that removal. The victim, a minor at the time the offenses occurred, stated that she suffered "permanent damage" as a result of appellant's crimes against her.

5.

She described this damage as psychological, physical, and permanent in nature. She also expressed her disagreement with the plea as it reduced the maximum prison terms that could be imposed but stated that she was relieved appellant would be removed from the United States at the end of his sentence. The State argued for the imposition of the "maximum" sentence of four years, an amount that would require the sentences to be served consecutively. These arguments placed the issue of the duration of his prison terms, and whether the sentences should be served consecutively to achieve that end, squarely before the trial court. The trial court resolved that issue by ordering appellant to serve his prison terms consecutively. Therefore, the issue of whether to impose a prison term, including an order to serve any terms consecutively, was argued and resolved by the trial court. To find that this issue has been waived would be in direct contrast to the purpose of the waiver doctrine's preference that issues be raised and addressed by the trial court.

{¶ 10} Despite this, the State argues that appellant waived all but plain error in this appeal because he did not "object" to the imposition of consecutive sentences following the trial court's sentencing. Such an argument is faulty for several reasons. First, the State offers no explanation as to what constitutes an objection. Under the State's broad application of the waiver doctrine, appellant would have been required to state some form of an "objection" after the imposition of sentence in order to avoid waiving this issue on appeal. As a practical matter, this would mean appellant had to "object" and make the same argument he just made moments prior in the same hearing to preserve this issue on

appeal. Accepting the State's position, then, would require defendants to recite "magic" or "talismanic" language at sentencing that necessarily includes the word "object" to avoid waiving that argument on appeal. We have consistently held that trial courts are not required to invoke specific language to impose consecutive sentences. *State v. McIntoush,* 2024-Ohio-2284, ¶ 18 (6th Dist.), citing *State v. Bonnell,* 2014-Ohio-3177, ¶ 29. We find no basis on which to require defendants to use certain language to preserve their challenge to the imposition of a felony sentence when they have already raised the issue, made their argument, and had it resolved by the trial court.[5]

{¶ 11} Secondly, notwithstanding the procedural aspect as to what constitutes an objection, the more troubling concern with finding that defendant waived his challenge and reviewing the imposition of sentence for plain error only, is that finding plain error is discretionary. *State v. Rogers,* 2015-Ohio-2459, ¶ 23. The Ohio Supreme Court has "admonished courts to notice plain error 'with the utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice.'" *Id.,* citing *State v. Barnes,* 94 Ohio St. 21, 27 (2002) (Emphasis in original.) Even when an appellate court notices plain error, it "is not required to correct it." *State v. West,* 2022-Ohio-1556. Applying plain error review to the imposition of consecutive sentences, then, could result

---

[5] We used similar logic in *State v. Messer,* 2017-Ohio-1223 (6th Dist.), when we concluded that the defendant challenged the sufficiency of the evidence against him at the outset of the proceedings by entering a not guilty plea. We found that the defendant had not waived this issue by failing to make a Crim.R. 29 motion for acquittal due to insufficient evidence at the conclusion of his trial.

7.

in an appellate court finding that the record does not support the trial court's consecutive sentencing as described in R.C. 2953.08(G)(2)(a) but nevertheless finding that the erroneous judgment is not reversible plain error because it would not result in manifest miscarriage of justice. In that scenario, declining to find plain error would condone the imposition of a sentence that is in violation of the law and which a trial court does not have the authority to impose. *State v. Anderson,* 2015-Ohio-2089, ¶ 10-12 (holding that trial courts are "duty-bound to apply sentencing laws as they are written" and can only impose sentences that are "provided for by statute."). However unlikely that may be, the mere chance that it *could* occur constitutes an additional basis on which to preclude the use of a plain error standard to review whether the trial court satisfied the statutory requirements under R.C. 2929.14(C)(4) when it imposed consecutive sentences.

{¶ 12} This is not to say that appellate courts may never utilize plain error review of a felony sentence. The Ohio Supreme Court previously recognized that a defendant who fails to challenge a constitutional violation that occurs at sentencing waives all but plain error on appeal. *State v. Davis,* 2008-Ohio-2, ¶ 377 (holding that appellant waived all but plain error when he failed to object to consecutive sentences on "constitutional grounds"); *State v. Hunter,* 2011-Ohio-6524, ¶ 151-152, citing *Davis.* Here, appellant's assignment of error is limited to review of the trial court's statutory findings, not a constitutional issue he raises for the first time in this appeal. As a result, we decline to extend the holding in *Davis* to this appeal.

8.

{¶ 13} We are not the first court to recognize this distinction.  In *State v. Morris,* 2023-Ohio-3412 (12th Dist.), the Twelfth District Court of Appeals traced the State's advocacy for plain error review of felony sentences when a defendant does not "object" by citing *State v. Whitaker,* 2022-Ohio-2840.  *Morris* at ¶ 26.  It noted that *Whitaker,* which cited *Hunter* and *Davis,* involved a constitutional challenge to the imposition of consecutive sentences for the first time on appeal rather than a challenge to the trial court's statutory findings under R.C. 2929.14(C)(4). It found that this distinction, coupled with the Ohio Supreme Court's then-recent guidance in *State v. Gwynne,* 2022-Ohio-4607 that a trial court's factual findings under R.C. 2929.14(C)(4) are reviewed under the statutory standard of review provided in R.C. 2953.08(G)(2), warranted review under that statutory standard rather than plain error.  *Morris* at ¶ 26-28, citing *Gwynne* at ¶ 1 (vacated on other grounds by *State v. Gwynne,* 2023-Ohio-3851).

{¶ 14} We reach the same conclusion here. Defendants have a right to appeal sentences that are contrary to law pursuant to R.C. 2953.08(A)(4).  It is logical that they should be reviewed under the standard identified in that same section of the revised code—that is, R.C. 2953.08(G)(2).  To find otherwise would add an unnecessary requirement on defendants to "object" to a sentence immediately after its imposition and risk an illegal sentence being left in place following an appellate court's discretionary plain error review.  For these reasons, we find that an appellant's challenge to a trial court's findings under R.C. 2929.14(C)(4) are reviewed under the standard described in

9.

R.C. 2953.08(G)(2) and we apply that standard to appellant's single assignment of error below.

**b. Appellant has not shown that the trial court's findings under R.C. 2929.14(C)(4) are not clearly and convincingly unsupported by the record.**

{¶ 15} R.C. 2953.08(G)(2) provides that appellate courts may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it finds, in relevant part, "that the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4) or "that the sentence is otherwise contrary to law."  R.C. 2953.08(G)(2)(a) and (b). Under this standard, we find that the trial court did not err in ordering appellant to serve his prison terms consecutively.

{¶ 16} In order to impose consecutive sentences, a trial court must make three separate findings under R.C. 2929.14(C)(4).  *McIntoush,* 2024-Ohio-2284, at ¶ 16 (6th Dist.).  The trial court must find that:

(1) consecutive sentences are necessary to protect the public from future crime or to punish the offender;

(2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and

(3)  one or more of the findings listed in R.C. 2929.14(C)(4)(a), (b), or (c).

*Id.;* R.C. 2929.14(C)(4).  The additional finding or findings the trial court must make under R.C. 2929.14(C)(4) include:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed

10.

pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.* at ¶ 17. When a trial court makes the requisite findings, our review is limited to whether those findings are supported by the record. *State v. Glover,* 2024-Ohio-5195. "Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it is permitted to modify the trial court's sentence." *Id.* at ¶ 44. It is appellant's "significant" burden to identify clear and convincing evidence in the record to show that the trial court erred in imposing their sentence. *State v. Anderson,* 2025-Ohio-5732, ¶ 19 (6th Dist.).

{¶ 17} Appellant challenges three of the trial court's consecutive sentence findings. First, he argues that the trial court's finding under R.C. 2929.14(C)(4)(a) is not supported by the record because there is nothing in the record "demonstrating that consecutive sentences were necessary to protect the public from future crime committed by appellant." Specifically, he argues that his "inevitable" removal from the United States eliminates all opportunities he would have to commit future crimes. We do not need to address the merits of appellant's arguments under R.C. 2929.14(C)(4) regarding the

11.

potential to commit future crimes because the trial court also found that consecutive sentences were appropriate to "punish the defendant." Appellant offers no argument as to how the record clearly and convincingly does not support this finding under R.C. 2929.14(C)(4). As a result, we find that appellant has not met his burden to show that the trial court erred in reaching its finding under R.C. 2929.14(C)(4).

{¶ 18} Next, appellant argues that the record does not support the trial court's finding that consecutive sentences were not disproportionate to the danger he posed to the public as described in R.C. 2929.14(C)(4). He again argues that because he is subject to removal from the United States that he cannot pose a danger to the public. This argument is speculative. While appellant may be subject to immigration proceedings that could result in his removal from the United States, there is nothing in the record to clearly and convincingly show that he will indeed be removed from the country and, more importantly, that these proceedings preclude him from being a danger to the public. Indeed, appellant was subject to immigration proceedings at the time he committed the underlying offenses. Also, notwithstanding his immigration status, the trial court was obligated to impose, and appellant was obligated to serve, the sentence required under Ohio law. *See State v. Chambers,* 2024-Ohio-3341, ¶ 211-214 (6th Dist.). Therefore, we cannot say that the trial court's finding that appellant was a danger to the public is clearly and convincingly not supported by the record.

{¶ 19} Lastly, appellant argues that the trial court's finding that he engaged in one or more courses of conduct as described in R.C. 2929.14(C)(4)(b) is not supported by the

12.

record. He argues that "there is nothing in the record to suggest that the forgery and sexual offenses were part of any ongoing course of conduct" and that the two instances of illegal sexual conduct on which he was convicted could not be a course of conduct because they happened in the same night.[6] The record shows that appellant's forgery conviction was based on his use of false documentation containing the victim's brother's personal information, suggesting that the commission of the offenses were related and part of the same course of conduct. Appellant's mere statement that forgery and gross sexual imposition are unrelated offenses is insufficient to clearly and convincingly show that the trial court's finding was not supported by the record. Further, appellant's argument that two instances of gross sexual imposition cannot constitute a course of conduct because they occurred the same night is unfounded as a matter of law. *See Anderson* at ¶ 15 (holding that the commission of multiple offenses through the same conduct, or offenses committed in close temporal proximity to one another, are not precluded from properly constituting a "course of conduct" under R.C. 2929.14(C)(4)(b)). As a result, appellant has not shown that the trial court's finding that his offenses were part of one or more courses of conduct is not supported by the record.

---

[6] The State argues that the incidents occurred over the course of time identified in the indictment. We do not need to resolve this dispute, however, as appellant's argument fails as a matter of law as described below.

13.

{¶ 20} In sum, appellant has failed to clearly and convincingly show that the trial court's findings under R.C. 2929.14(C)(4) are not supported by the record. As a result, we find his sole assignment of error not well-taken.

### III. Conclusion

{¶ 21} For these reasons, we find appellant's assignment of error not well-taken and we affirm the April 28, 2025 judgment of the Erie County Court of Common Pleas.

{¶ 22} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

Christine E. Mayle, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

Thomas J. Osowik, P.J.
CONCURS IN JUDGMENT
AND WRITES SEPARATELY.

_____
JUDGE

**OSOWIK, P.J., concurring and writing separately,**

{¶ 23} For the following reasons, I respectfully write separately while agreeing with the majority to affirm the trial court's judgment.

{¶ 24} The undisputed record of this proceeding establishes that neither Fonseca-Mora nor his counsel objected to the court's pronouncement of sentence. It would be helpful if there was a video of the sentencing hearing where, as a reviewing court, we could discern something that could be interpreted as an objection to the court's sentence, such as an audible gasp, a facial grimace or even a random burp or air biscuit from the courtroom gallery. Instead, the record is noxiously silent after pronouncement of the sentence.

{¶ 25} The majority opinion places the burden on the State of Ohio to define "objection." The task in this case is indefinable, particularly in a record where none is made. It cruelly invites the prosecution to play a game of "Where's Waldo" when, in fact, there is no Waldo to be found.

{¶ 26} Up until now, an objection was self-evident. It was a formal statement taking exception to a ruling of the court and further articulating the basis for the objection. *Black's Law Dictionary* (Revised Fourth Edition, 1968). It was the only manner in which to preserve the right to appeal an adverse ruling. I would echo the astute observation made by Justice Potter Stewart "I know it when I see it" and, in my opinion, a pre-sentence plea to the court is not an objection to a pronounced sentence. *Jacobellis v. Ohio* 378 U.S. 184 (1964). I can find no cited source of support for a rule that a pre-sentence plea for mercy blossoms into an undefined perpetually self-preserved objection to a sentence.

{¶ 27} At the sentencing hearing and before the court's pronouncement of sentencing, counsel was an advocate for his client. Counsel prayed for leniency like every lawyer does in courtrooms across America every day. Appellant argued that since his removal from the United States was "inevitable" upon his release from state custody, and since appellee was in communication with "ICE",[7] he was no danger to "the American or local public" and had no "opportunity to commit crime." In response, appellee raised the following issue for the trial court's consideration:

> I am not going to represent that I have any idea what life in Columbia (sic.) is like, but I believe that simply saying "you've done enough by way of the consequence, now you get to go back to your home country" sounds to me like more of a reward than a punishment. It removes him from what I believe to be probably a much better lifestyle than he would otherwise have if he returns to Columbia (sic.), but I don't think it meets the requirements of justice from the victim's perspective. Had she been raped by somebody who was a U.S. citizen, that opportunity to leave would not be made available.

{¶ 28} When the trial court asked appellant's counsel for evidence to support his claim that appellant "would leave tomorrow escorted," he simply referred to the removal order. The trial court specifically asked appellant's counsel, "I understand that's what you're saying, but I'm just saying, do you have any indication like when that would happen or how that would happen?" Appellant's counsel had no response, so appellee explained the lack of concrete information:

---

[7] Neither party defines "ICE," which we infer from the context of the record is the United States Immigration and Customs Enforcement agency under the Department of Homeland Security.

Your Honor, it is my understanding in speaking with the Border Patrol agencies and ICE, that they requested that the State continue with the prosecution, and upon conclusion of the prosecution, which would include any sentencing either based on the plea, then the federal government has an order to take physical possession of the Defendant, but they do not have a date certain for that.

So my intention would be, at the conclusion of today, to notify them that this matter is concluded, and then based upon whatever sentence this Court imposes, they will then schedule . . . taking physical possession of the Defendant, whether it's tomorrow, four years from now, or somewhere in between . . . is how that would work.

{¶ 29} After the trial court announced appellant's sentence, appellant made no contemporaneous objection to the trial court's determination for consecutive sentences, which is also reflected in the trial court's sentencing judgment entry journalized on April 28, 2025. Appellant's failure in the record to interpose any type of objection after the pronouncement of his sentence is a forfeited error and squarely leaves us with Crim.R. 52(B) plain error as the appropriate standard of review. *State v. Rogers*, 2015-Ohio-2459, ¶ 21-22; *State v. Payne*, 2007-Ohio-4642, ¶ 20.

{¶ 30} The contemporaneous-objection requirement imposes a duty on appellant to raise the error with the trial court before presenting that error on appeal. *State v. Wintermeyer*, 2019-Ohio-5156, ¶ 10. "The Rules of Criminal Procedure make but one exception to the contemporaneous-objection requirement: 'Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *State v. Murphy*, 91 Ohio St.3d 516, 532 (2001), quoting Crim.R. 52(B).

{¶ 31} Specifically, the Ohio Supreme Court is clear that appellant's failure to raise an issue with his consecutive sentences at the time of sentencing forfeits all but

17.

plain error. *Rogers* at ¶ 28; *State v. Beasley*, 2018-Ohio-493, ¶ 272 (Dewine, J., concurring in judgment only) ("The rule that the failure to raise an error forfeits all but plain error extends to errors that occur during sentencing hearings."). Further, in *State v. Whitaker*, 2022-Ohio-2840, ¶ 166, citing *State v. Hunter*, 2011-Ohio-6524, ¶ 152, the Ohio Supreme Court could not have been unmistakably clearer: "[B]ecause Whitaker failed to object to the imposition of consecutive sentences at the sentencing hearing, he has forfeited this issue, absent plain error." The Ohio Supreme Court has been consistently clear on the plain-error standard of review of forfeited-error. *State v. Grate*, 2020-Ohio-5584, ¶ 204; *State v. West*, 2022-Ohio-1556, ¶ 22, citing *Rogers* at ¶ 21-22.

{¶ 32} It is a separate issue whether an appellate court notices the plain error to correct it. *Id.*, citing *Rogers* at ¶ 23. Therefore, plain-error remains the appropriate standard of review for appellant's forfeited error.

{¶ 33} This court follows Ohio Supreme Court guidance on forfeited error. *State v. Ratcliffe*, 2019-Ohio-308, ¶ 10 (6th Dist.); *State v. Heath*, 2026-Ohio-1163, ¶ 18 (6th Dist.); *State v. Magee*, 2019-Ohio-1921, ¶ 24-25 (6th Dist.); *State v. Hopings*, 2022-Ohio-1532, ¶ 69 (6th Dist.), citing *State v. McKinney*, 2020-Ohio-3547, ¶ 27 (6th Dist.).

{¶ 34} A majority of Ohio's courts of appeals also follow Ohio Supreme Court guidance on forfeited error. *State v. Gill*, 2024-Ohio-2792, ¶ 44 (1st Dist.), *appeal not allowed,* 2024-Ohio-5529; *State v. Byrd,* 2008-Ohio-5515, ¶ 35-36 (2d Dist.); *State v. Grashel*, 2025-Ohio-580, ¶ 22 (4th Dist.), *appeal not allowed,* 2025-Ohio-2048; *State v. Wade,* 2024-Ohio-4556, ¶ 61 (5th Dist.); *State v. Masson*, 2017-Ohio-7705, ¶ 22 (7th

18.

Dist.); *State v. Saxon*, 2023-Ohio-306, ¶ 15 (8th Dist.); *State v. Revels,* 2014-Ohio-795, ¶ 8 (10th Dist.); *State v. Jirousek*, 2013-Ohio-5267, ¶ 38 (11th Dist.); and *State v. Gray*, 2023-Ohio-338, ¶ 57 (12th Dist.).

*APPELLANT DOES NOT PRESENT AN ARGUMENT FOR PLAIN ERROR REVIEW*

{¶ 35} Regardless, in this instance, appellant does not argue plain error in his appeal to this court. Rather, appellant argues his consecutive sentences are contrary to law under R.C. 2953.08(G)(2)(b), despite conceding "that the trial court went through the motions in saying what it needed to say to seemingly impose consecutive sentences on appellant properly."

{¶ 36} Appellant has the burden of demonstrating the plain-error doctrine's three-part test: "(1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the trial." *Id.* "We take notice of plain error with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id.*

{¶ 37} In an aspired world of appellant advocacy, it would be minimally efficacious if appellant at least unartfully made reference to an "obvious error" made by the trial court even if not by using the proper nomenclature or "talismanic" words. As noted, appellant does not argue that the sentence imposed by the trial court was plain error. Since appellant has failed to claim nor even remotely develop this argument, I would not create an argument on his behalf. As such, in my opinion, this court need not address the merits of appellant's claimed assignment of error. *State v. Henning*, (6th Dist.), 2023-Ohio-2905, ¶ 65.

{¶ 38} Nevertheless, from this day forward, utilizing the rubric created by the majority opinion, all misdemeanor and felony sentences will now be statutorily reviewed in an *Anders*-like fashion by this court despite the absence of even a hint of dissatisfaction (objection) after pronouncement of sentence by the trial court. A defendant or their counsel no longer has the obligation to contemporaneously object to the correctness of a court's finding actually made at the sentencing hearing. A defendant and their counsel need not make any more of an expression than that of a potted plant after imposition of sentence. The great philosopher Yogi Berra prognosticated correctly that "the future ain't what is used to be."

{¶ 39} For the foregoing reasons and only those reasons, I find appellant's sole assignment of error not well-taken and join the majority in affirming the trial court's judgment.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

20.